Filed 9/16/22  P. v. Staton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JAMES STATON,<br><br>  Defendant and Appellant. | C095497<br><br>(Super. Ct. Nos. 21CF03684, 19CF04969, 19CF04989, 20CF03299) |

Defendant Michael J. Staton, Jr., pleaded guilty to assault and as a result of the plea was found to have violated his probation in three unrelated cases.  The trial court sentenced him to an aggregate term of six years in state prison, including the upper term of four years for his assault conviction.  On appeal, defendant contends his sentence should be vacated and the matter remanded to allow the trial court to reconsider the upper

1

term sentence in light of recent changes to Penal Code section 1170, subdivision (b),[1] brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill No. 567). We agree and will remand for resentencing in accordance with the new law.

## BACKGROUND

In March 2019, in Tehama County Superior Court case No. 19CR000301, defendant pleaded guilty to possession of metal knuckles (§ 21810), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377). The trial court granted him a five-year term of probation. Defendant also pleaded guilty to carrying a dirk or dagger (§ 21310) in Tehama County Superior Court case No. 19CR000507, for which he also received a five-year term of probation.

In July 2019, case No. 19CR000301 was transferred to Butte County and was renamed Butte County Superior Court case No. 19CF04989 (case No. 989). Case No. 19CR000507 also was transferred to Butte County and was renamed Butte County Superior Court case No. 19CF04969 (case No. 969).

In January 2020, defendant admitted violating his probation in both cases (case Nos. 969 and 989) and both grants of probation were modified and reinstated. Later that same year, in Butte County Superior Court case No. 20CF03299 (case No. 299), defendant pleaded no contest to possessing a shuriken. (§ 22410.) In case No. 299, the trial court granted a three-year term of probation; the court modified and reinstated probation in case Nos. 989 and 969.

On December 3, 2021, defendant pleaded no contest to assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4).) As a result of defendant's plea, the trial court found he had violated probation in case Nos. 299, 969, and 989. Prior

---

[1] Undesignated statutory references are to the Penal Code.

2

to sentencing, the assault victim, who had been in a four-year relationship with defendant in the past, submitted a letter to the court, indicating that defendant required "mental health treatment" and "possibly medications." She added that defendant had "a lot of issues in life" including a "very abusive" father and other "bad relationships." Defendant's trial counsel argued that the victim "believe[d] there's a mental health component that's also attached to [defendant's] reactions."

The trial court subsequently sentenced defendant to an aggregate term of six years in state prison: the upper term of four years for the assault and three consecutive terms of eight months each for the remaining felonies from case Nos. 299, 989 and 969. The court announced the upper term was "the appropriate term" because defendant's prior convictions as an adult were numerous and of increasing seriousness, he had served prior prison terms, and he was on probation at the time of the assault. Implicitly relying at least in part on the prosecutor's references to the probation report during argument, the court also found defendant's performance on probation was unsatisfactory.[2]

Defendant timely appealed each of his cases. The appeal was fully briefed on August 3, 2022, and assigned to this panel shortly thereafter. We granted defendant's request for calendar preference on August 9, 2022.

## DISCUSSION

While this appeal was pending, the Governor signed Senate Bill No. 567, which changed the requirements for consideration of aggravating circumstances at sentencing through its amendments to section 1170, effective January 1, 2022. (Stats. 2021, ch. 731.) As relevant here, Senate Bill No. 567 amended section 1170 to prohibit upper term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction.

---

[2] The trial court also imposed a concurrent one-year term for the misdemeanor possession of methamphetamine.

(§ 1170, subd. (b)(2), (3).) Senate Bill No. 567 also established a presumption in favor of the low term sentence if psychological, physical, or childhood trauma contributed to the commission of the offense. (§ 1170, subd. (b)(6)(A).)

The Attorney General agrees, as do we, that the change in the law is ameliorative and applies retroactively to defendant's case. (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038-1039.) The Attorney General nevertheless contends remand is not required. We agree with defendant on this point.

First, none of the aggravating circumstances relied on by the trial court here were properly considered and proven as required by amended section 1170, subdivision (b). In apparent reliance on the probation report, the trial court found defendant's prior convictions as an adult were numerous and of increasing seriousness and he had served prior prison terms. There was no stipulation or proper proof presented as to numerosity or increasing seriousness, nor was there any proof of service of a prior prison term. Although there was certainly some evidence before the court that defendant was on probation and was not performing well (as his probation was revoked for the new crime and he was sentenced on the older charges as well), the prosecutor made representations from the probation report that went above and beyond the court's personal observations, such as that defendant's conduct was "abysmal" and that "there was a period of almost a year where [defendant] did not report."

Neither a judge nor a jury found true beyond a reasonable doubt the facts underlying the aggravating circumstances. None of the articulated aggravating circumstances fell within the exception for certified prior convictions found in amended section 1170, subdivision (b)(3). (See Evid. Code, § 452.5, subd. (b)(1) [a probation report is not a certified copy of the record of conviction]; *People v. Zabelle, supra,* 80 Cal.App.5th at p. 1115, fn. 6 ["If the record is insufficient to support a trial court's

findings about a defendant's criminal history, we will not presume the existence of extra-record materials, however likely they are to exist, to address this insufficiency"].)

Further, and importantly, the trial court did not consider the possibility that prior childhood trauma contributed to the commission of the offense, a possibility suggested by the victim in a letter to the court submitted at defendant's sentencing and one that, if substantiated, would now entitle defendant to a presumptive low term sentence. (§ 1170, subd. (b)(6)(A).)

We will vacate the sentence and remand for the trial court to resentence defendant in a manner consistent with amended section 1170, subdivision (b).

## DISPOSITION

The sentence is vacated and the case remanded for compliance with section 1170 as amended by Senate Bill No. 567 and related legislation, as well as application any other changes in the law that now apply to defendant, as his conviction is not yet final. The judgment is otherwise affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Renner, J.

/s/
Earl, J.

5